IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MILAN EXPRESS CO., INC.,

    Plaintiff,

v.                                                                                            No. 13-1069-JDB

APPLIED UNDERWRITERS CAPTIVE
RISK ASSURANCE COMPANY, INC.,

    Defendant.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR
*FORUM NON CONVENIENS*

        On February 25, 2013, Plaintiff, Milan Express Co., Inc. ("Milan Express"), initiated this lawsuit against Defendant, Applied Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"), seeking declaratory relief and reformation of the contract and asserting claims of breach of contract, fraudulent and negligent misrepresentations, and punitive damages. (Docket Entry ("D.E.") 1 at ¶¶ 130-154.) On March 14, 2013, Plaintiff filed a motion to stop arbitration (D.E. 5), and on April 26, 2013, Defendant filed motions to compel arbitration (D.E. 16) and to transfer venue (D.E. 17). Following the adoption of a report and recommendation by Magistrate Judge Edward Bryant, the Court granted Plaintiff's motion and denied both of Defendant's motions. (D.E. 55.) AUCRA timely filed a notice of appeal. (D.E. 56.) On October 23, 2014, the Sixth Circuit vacated the order, holding that determining the validity of the arbitration agreement fell under the purview of the arbitrator and not the district court. *Milan Exp. Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 590 F. App'x 482, 483 (6th Cir. 2014). The parties then submitted briefs to the arbitrator on the sole question of whether the

1

arbitration clause was enforceable. (D.E. 64 at 1.) The arbitrator found that the clause was unenforceable under Nevada law, and thus arbitration was not required. (*Id.* at 1-2.) On October 9, 2015, AUCRA moved to vacate the arbitration award and to dismiss the case for *forum non conveniens*. For the following reasons, Defendant's motion to dismiss is GRANTED.

*Law*

To support a dismissal for *forum non coneniens* based on a forum selection clause, the threshold matter is whether the clause is enforceable. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 825-26 (6th Cir. 2009). The Sixth Circuit has held that in a diversity suit, "the enforceability of [a] forum selection clause is governed by federal law." *Id.* at 828. "Absent a strong showing that it should be set aside," a forum selection clause should be upheld. *Id.* The following factors are taken into consideration when evaluating the enforceability of such a clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.*; *see also Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999).

"The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* The first factor requires the party opposing the clause to show that "the forum selection clause itself was . . . the product of fraud" or other unconscionable means. *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F. App'x 718, 722 (6th Cir. 2006). "A general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Id.* (quoting *Moses v. Bus. Card Express*, 929 F.2d 1131, 1138 (6th Cir. 1991)). "Under the second factor, [a] plaintiff[] must show that a

2

[foreign] court would ineffectively or unfairly handle the suit. . . . [T]he foreign law must be such that a risk exists that the litigants will be denied any remedy or will be treated unfairly." *Wong*, 589 F.3d at 829. Finally, to satisfy the third prong, "a plaintiff must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable. This finding must be based on more than mere inconvenience of the party seeking to avoid the clause." *Id.* The Sixth Circuit has "previously held that enforcement of a forum selection clause would not be unreasonable where the opposing party failed to produce any evidence that it was exploited or unfairly treated." *Id.*; *see also Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994).

Presupposing a contractually valid forum-selection clause, the United States Supreme Court recently clarified in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013), the weight that such a clause should be given in a lawsuit. The Court specified that "a forum-selection clause [should] be given controlling weight in all but the most exceptional cases." *Id.* at 579. If a forum selection clause provides for a federal district court to preside over the case, then the proper mechanism to enforce the clause is through a change of venue motion pursuant to Title 28, section 1404(a) of the United State Code ("§ 1404(a)"). *Id.* If the clause specifies a state or foreign tribunal, "the appropriate way to enforce [the] forum-selection clause . . . is through the doctrine of *forum non conveniens*." *Id.* at 580. "Courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.*

When considering a § 1404(a) or *forum non conveniens* motion in a case without a forum selection clause, a district court "must evaluate both the convenience of the parties and various

3

public-interest considerations." *Id.* at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement to the most proper forum." *Id.* The enforcement of such clauses, which were "bargained for by the parties, protects their legitimate expectations and further vital interests of the justice system." *Id.* In light of a valid forum selection clause, district courts must adjust their normal analysis in important ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court . . . should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . [A] district court may consider argument about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 581-82. The Court has cautioned previously that because the result of a "successful motion under *forum non conveniens* requires dismissal," plaintiffs may be inconvenienced and possibly be caused "to lose out completely[] through the running of the statute of limitations." *Id.* at 583 n.8. "Such caution is not warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff." *Id.*

*Analysis*

The threshold question that must be answered before determining the merits of the *forum non conveniens* motion is whether the forum selection clause is contractually valid. Paragraph 14 of the Reinsurance Participation Agreement ("RPA") provides the following:

> Participant hereby irrevocably and unconditionally submits to the exclusive jurisdiction of the Courts of Nebraska for the purpose of enforcing any arbitration award rendered

4

> hereunder and all other purposes related to this Agreement, and agrees to accept service of process in any case instituted in Nebraska related to this Agreement and further agrees not to challenge venue in Nebraska provided such process is delivered in accordance with the applicable rules for service of process then in effect in Nebraska. To the extent necessary, this consent shall be construed as a limited waiver of sovereign immunity only with respect to this Agreement.

(D.E. 71-3 at 5.) As established *supra*, the burden is on Plaintiff to establish the clause is unenforceable. *See Wong*, 589 F.3d at 828-29. In its response in opposition to Defendant's motion, Plaintiff contends that the clause is unenforceable because it is vague and ambiguous. (D.E. 72 at 7-8.) The Court notes, however, that the use of the term "exclusive jurisdiction . . . for . . . all [non-arbitration] purposes related to this Agreement," makes it clear this is a mandatory forum selection clause. *See Siteworks Solutions, LLC v. Oracle Corp.*, No. 08-2130-A/P, 2008 WL 4415075, at *3 (W.D. Tenn. Sept. 22, 2008) ("A forum selection clause is mandatory if it contains clear language showing that jurisdiction is appropriate *only* in the designated forum."); *Union Planters Bank, N.A. v. EMC Mortg. Corp.*, 67 F. Supp. 2d 915, 921 (W.D. Tenn. 1999) (the language "shall be submitted to . . ." made it clear that the forum selection clause was mandatory); *see also Appistry, Inc. v. Amazon, Inc.*, 2015 WL 881507, at *2 (E.D. Mo. Mar. 1, 2015) ("The use of the term 'exclusive' makes clear that this is a mandatory forum selection clause, rather than a permissive forum selection clause."). Further, at no point does Milan Express allege that "the clause was obtained by fraud, duress, or other unconscionable means," that "the designated forum would ineffectively or unfairly handle the suit," or that "the designed forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *See Wong*, 589 F.3d at 828. Thus, no evidence has been provided to find that the clause is invalid or unenforceable.

Next, Plaintiff asserts that the clause should not be enforced because the circumstances of the case render it as "exceptionable" under *Atlantic Marine*. (D.E. 72 at 11-18.) The *Atlantic*

5

*Marine* Court specified that when a valid forum selection clause exists, private-interest factors "weigh entirely in favor of the preselected forum." *Atlantic Marine*, 134 S. Ct. at 582. Thus, "a district court may consider arguments about public-interest factors only." *Id.* "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at n.6. The Court went on to note that these "factors will rarely defeat a transfer motion," thus "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. In *Wong*, the Sixth Circuit upheld the district court's dismissal of a lawsuit sua sponte for *forum non conveniens* as the forum selection clause mandated that all disputes would be subject exclusively to the jurisdiction of the courts of Gibraltar. *Wong*, 589 F.3d at 824. Although the plaintiffs "cited to Ohio's interest in having its consumer protection laws enforced" and argued that "Ohio ha[d] [a] significantly greater interest in the case," the district court rejected these arguments, relying in part on the fact that Gibraltar law would govern the suit pursuant to the choice-of-law clause. *Id.* at 832. The court further emphasized that although "Ohio might have an interest in this matter . . . when state law conflicts with a forum selection clause, the court should not categorically uphold the state policy over the clause." *Id.*

Plaintiff contends that this is an example of such an unusual case because: (1) Plaintiff is "seeking the protection of Tennessee insurance law"; (2) Tennessee courts have more familiarity in applying and interpreting Tennessee insurance law; (3) it would undermine the public concern of maintaining systematic integrity and fairness to grant Defendant's motion to dismiss at this stage after two and a half years have lapsed since the litigation commenced; and (4) "Nebraska has virtually no relation to this case," and thus it would be unfair to burden the citizens there, "in

6

an unrelated forum," with jury duty. (D.E. 72 at 11-18.) However, as in *Wong*, the contract at issue contains a choice-of-law provision along with the forum selection clause. Indeed, Plaintiff concedes that Nebraska law applies to the validity of the agreement. (*Id.* at 16.) Although Tennessee insurance law is implicated, Milan Express asserts that eleven other states' insurance laws also relate to the contract. (D.E. 1 at ¶¶ 37-98.) Although Plaintiff avers that Nebraska courts have no interest in this case, it is indisputable that Nebraska substantive law governs the contract pursuant to the choice-of-law provision. In light of the foregoing, Milan Express has failed to demonstrate "that public-interest factors overwhelmingly disfavor" a dismissal. *See Atlantic Marine*, 134 S. Ct. at 583.

Finally, Plaintiff requests that in the event that this Court finds the forum selection clause valid, that the case be transferred to the United States District Court for the District of Nebraska. (D.E. 72 at 19.) Defendant argues the case should be dismissed because the clause precludes the suit from being brought in federal court and establishes the state courts of Nebraska as the exclusive forum for suit. (D.E. 71-1 at 2-3.) In *Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992), the Sixth Circuit addressed the issue of whether a forum selection clause required the plaintiff to bring suit only in state court. *Id.* at 510. The clause in that case required the parties to litigate any disputes "in courts in the State of Ohio." *Id.* The court found that the use of the word "in" included federal district courts in Ohio. *Id.* In contrast, the court cited to a case from the Western District of Pennsylvania which held that a forum selection clause requiring suits be brought in "courts of the Commonwealth of Pennsylvania" did not include federal district courts. Other circuits have adopted this "in/of" distinction. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009); *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005); *Dixon v. TSE Intern., Inc.*, 330 F.3d 396, 397-98 (5th Cir. 2003)); *LFC Lessors, Inc.*

*v. Pac Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984). In the instant matter, the forum selection clause states that any dispute related to the agreement "shall be resolved exclusively by the courts of Nebraska without reference to its conflict of law." Accordingly, the matter could have only been brought in Nebraska state court, which requires that the case be DISMISSED rather than transferred.

*Conclusion*

Based upon the foregoing reasons, Defendant's motion to dismiss for *forum non conveniens* is GRANTED.

IT IS SO ORDERED this 2nd day of February 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE