NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0646n.06

Case No. 16-5270

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 02, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MILAN EXPRESS CO., INC., )<br>)<br>    Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>APPLIED UNDERWRITERS CAPTIVE RISK )<br>ASSURANCE CO., INC., )<br>)<br>    Defendant-Appellant. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE<br><br>MEMORANDUM OPINION |

**BEFORE:** McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

**McKEAGUE, Circuit Judge.** This appeal stems from an action in contract and tort brought in federal court based on the parties' diversity of citizenship. The district court granted the motion of defendant Applied Underwriters Captive Risk Assurance Co., Inc. ("Applied Underwriters"), to dismiss the action for *forum non conveniens*. In so ruling, the district court enforced the parties' contractual forum-selection clause, under which they agreed that the courts of Nebraska would have exclusive jurisdiction to enforce any arbitration award and resolve other disputes related to the contract. Neither party has challenged the order of dismissal. Rather, Applied Underwriters challenges a ruling *not* made by the district court.

The district court did not decide Applied Underwriters' motion to vacate the arbitration award, which was filed contemporaneously with its motion to dismiss. In fact, the district court

barely mentioned the motion in its opinion and order granting Applied Underwriters' motion to dismiss. Applied Underwriters contends the district court's non-ruling on a motion pending when the case was dismissed is in effect an implied denial of the motion. Applied Underwriters further contends the implied denial of its motion to vacate the arbitration award is a ruling that merged into the final judgment order of dismissal and is now ripe for appeal. Appellee Milan Express Co., Inc. ("Milan") does not agree with Applied Underwriters' characterization of the non-ruling, but does not contest the notion that we have jurisdiction to rule on the validity of the arbitration award. We decline to exercise appellate jurisdiction.

**I**

This is a second appeal in this protracted litigation. Two years ago, a panel of this court vacated the district court's order granting Milan's motion to stop arbitration. *Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 590 F. App'x 482 (6th Cir. 2014). The panel concluded that, under the parties' contractual agreement, the threshold question of arbitrability was for the arbitrator to decide in the first instance, not the court. *Id.* at 484–86 (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–70 (2010)). The case was remanded to the district court for further proceedings consistent with the panel's opinion. On remand, the parties agreed to submit the matter to arbitration in Tennessee. Meanwhile, the district court stayed further proceedings on Milan's complaint. The arbitration panel issued its award in February 2015, determining that the parties' arbitration clause was not enforceable under the laws of Nebraska, which governed construction of the contract pursuant to the contractual choice-of-law provision. R. 64-1, Arbitration Award, Page ID 861; *see* R. 1-4, Reinsurance Participation Agreement ("RPA") ¶ 16, Page ID 45.

Case No. 16-5270
*Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co.*

Following a status conference in the district court, Applied Underwriters contemporaneously filed both its motion to vacate arbitration award and its motion to dismiss. The district court granted the motion to dismiss without comment on the arbitration award. *Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, No. 13-1069-JDB, 2016 WL 407317 (W.D. Tenn. Feb. 2, 2016). The dismissal, in accordance with Applied Underwriters' motion, was based on enforcement of the parties' forum-selection clause. *Id.* at *2–4. The court held that the forum-selection clause is valid. In relevant part, the forum-selection clause "irrevocably and unconditionally" recognizes "the exclusive jurisdiction of the Courts of Nebraska for the purpose of enforcing any arbitration award rendered hereunder and all other purposes related to this Agreement." R. 1-4, RPA ¶ 14, Page ID 45.

Applied Underwriters' motion to vacate the arbitration award asserted that the arbitrators exceeded their powers and acted with manifest disregard for the law. Applied Underwriters argued in the district court and argues now on appeal that the arbitration award is directly contrary to the holding of *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995). Milan opposed the motion, contending that the teaching of *Mastrobuono*, which the arbitration panel majority distinguished, was and is a matter of reasonable debate. In other words, Milan insists that the significance of *Mastrobuono* is not so clear and unequivocal as to warrant a judicial determination, under the narrow standard of review, that the arbitrators exceeded their powers or manifestly disregarded the law.

## II

We do not accept Applied Underwriters' construal of the district court's silence as an implied denial of the motion to vacate the arbitration award. A court's denial of a motion to vacate an award is often treated as equivalent to an order confirming the award. *See General*

*Elec. Co. v. Anson Stamping Co.*, 426 F. Supp. 2d 579, 591–95 (W.D. Ky. 2006) (discussing case law). While the district court certainly did not grant the relief requested by Applied Underwriters' motion, it just as certainly did not confirm the award.

Instead, by its silence, the district court properly remained faithful to the rationale for its *forum-non-conveniens* dismissal. Having recognized and enforced the parties' contractual forum-selection agreement, the court, by its silence on the arbitration award, also abided by the parties' express agreement to litigate the validity of the award in the courts of Nebraska. In this nondecision we find no fault, given that neither party has objected to the court's enforcement of the forum-selection clause.

Indeed, the district court's nondecision is consistent with the Federal Arbitration Act, which provides that judgment on the validity of an arbitration award shall be sought in the court specified by the parties in their agreement. 9 U.S.C. § 9. "If no court is specified in the agreement of the parties, *then* such application may be made to the United States court in and for the district within which such award was made." *Id.* (emphasis added).[1] Here, the parties' agreement specifies that the arbitration award shall be enforced in the courts of Nebraska. By declining to rule on the motion to vacate the award, the district court left the parties to pursue their remedies in the forum they contractually agreed to. Inasmuch as the arbitration award was rendered in Tennessee, the district court arguably had permissive authority under 9 U.S.C. § 10 to decide the motion to vacate.[2] The court declined to exercise this authority, however, in deference to the parties' contractual forum-selection and choice-of-law agreements, which it held

---

[1] We note that the parties proceeded with arbitration in Tennessee by their own agreement, not pursuant to an order of this court or the district court.

[2] Under § 10 of the Federal Arbitration Act, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration."

- 4 -

Case No. 16-5270
*Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co.*

to be "mandatory" and "indisputable," respectively. *See Milan Express*, 2016 WL 407317 at * 2–3.

Nonetheless, both parties invite us to rule on the pretermitted motion in the first instance. They contend the validity of the arbitration award presents a pure question of law and has been fully briefed.

**III**

Generally, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Pinney Dock and Transport Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988). We have discretion to deviate from the general rule in "exceptional cases" or to avoid "a plain miscarriage of justice." *Pinney Dock*, 838 F.2d at 1461 (quoting *Hormel v. Helvering*, 312 U.S. 552, 558 (1941)). But this court has rarely exercised this discretion. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 615 (6th Cir. 2014).

Applied Underwriters filed two motions in the district court. The court granted the relief requested in one of the motions, enforcing the parties' contractual agreement, an agreement ostensibly drafted by Applied Underwriters. The district court's enforcement of the forum-selection clause arguably dictated the court's non-ruling on the motion to vacate the arbitration award, which is also contractually subject to enforcement in the courts of Nebraska. In short, in both its ruling and its non-ruling, the district court honored the parties' contractual agreement to resolve disputes concerning their contract in the courts of Nebraska under Nebraska law. The correctness of this rationale is unchallenged in this appeal.

So, Applied Underwriters obtained what it asked for in the court's granting of its motion to dismiss, and has no interest in challenging the correctness of that ruling. Yet, rather than

- 5 -

Case No. 16-5270
*Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co.*

pursue its remedies in Nebraska, Applied Underwriters tarries here and asks the court of appeals to decide the motion the district court was constrained not to decide. Without directly challenging the correctness of the ruling that this litigation belongs in Nebraska, Applied Underwriters asks us, in effect, to disregard the correctness of the ruling long enough to address the undecided motion in the first instance. It seems Applied Underwriters, like most, would prefer to have its cake and eat it too. We conclude, however, that this is not an exceptional case and that no miscarriage of justice will ensue if we abide by the general rule and decline to decide the validity of the arbitration award in the first instance on appeal.

## IV

Accordingly, we decline to exercise appellate jurisdiction and the appeal is **DISMISSED**.

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 02, 2016

Mr. Scott David Carey
Baker Donelson Bearman Caldwell & Berkowitz
211 Commerce Street
Suite 800
Nashville, TN 37201

Mr. Daniel W. Olivas
Lewis, Thomason, King, Krieg & Waldrop
424 Church Street
Suite 2500
Nashville, TN 37219

Re: Case No. 16-5270, *Milan Express Co., Inc. v. Applied Underwriters Captive*
Originating Case No. : 1:13-cv-01069

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Jill Colyer
Case Manager
Direct Dial No. 513-564-7024

cc: Mr. R. Dale Bay
Mr. Thomas M. Gould
Ms. Emily H. Mack
Ms. Brittany Bartley Simpson

Enclosure

Mandate to issue